UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TARA LYNNE HORST,

           Petitioner

  v.

WARDEN DREESEN, *et al.*,

           Respondents

Case No. 2:22-cv-01679-CDS-NJK

ORDER

      Tara Lynne Horst has submitted a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus. ECF No. 1-1. She has also filed an application to proceed *in forma pauperis*. ECF No. 1. However, Horst has failed to include a financial certificate completed by an authorized officer and inmate account statements for the last sixth months. Accordingly, this matter has not been properly commenced and is subject to dismissal on that basis. 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2. It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with respect to a promptly filed new action.

      The court also notes that the petition appears unexhausted. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted her available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of her claims before she presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981). Horst appears to seek to challenge her July 2022 parole revocation. The court takes judicial notice of the fact that she cannot have

exhausted her available state remedies before submitting this petition to federal court in that short time. In any event, the petition is dismissed without prejudice as improperly commenced.

**IT IS THEREFORE** that petitioner's incomplete application to proceed *in forma pauperis* (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court file the petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to the filing of a petition in a new action with either the $5.00 filing fee or a properly completed application to proceed *in forma pauperis*, including a properly executed financial certificate and the requisite inmate account statements.

**IT IS FURTHER ORDERED** a certificate of appealability is denied as jurists of reason would not find the court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect

**IT IS FURTHER ORDERED** that the Clerk **SEND** to petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that she submitted in this action.

**IT IS FURTHER ORDERED** that the Clerk enter judgment accordingly and close this case.

DATED: November 10, 2022

_____
UNITED STATES DISTRICT JUDGE